

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

December 21, 2017

The Honorable Dan Patrick
Lieutenant Governor of Texas
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0176

Re: Whether handgun license holders may carry handguns on the premises of a church that does not post signs excluding handguns and whether churches are exempt from the private security fees charged to private institutions (RQ-0196-KP)

Dear Governor Patrick:

Due to a tragic church shooting that recently occurred in Sutherland Springs, Texas, you ask two questions related to church security.[1] You first ask whether handgun license holders may "carry their handguns on the premises of a church that does not post signs excluding handguns." Request Letter at 1.

Subsection 46.035(b) of the Penal Code provides:

> A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed or carried in a shoulder or belt holster, on or about the license holder's person:
>
> \*   \*   \*   \*
>
> (6) on the premises of a church, synagogue, or other established place of religious worship . . . .

TEX. PENAL CODE § 46.035(b)(6). For purposes of this section, the Legislature defined "premises" as "a building or portion of a building." *Id.* § 46.035(f)(3). Read in isolation, this subsection seems to suggest that Texas law prohibits a license holder from carrying a handgun on the premises of a church. However, courts read statutes in context, not in isolation. *Cadena Comercial USA Corp. v. Tex. Alcoholic Bev. Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017) ("These words and

---

[1] *See* Letter from Honorable Dan Patrick, Lt. Gov. of Tex., to Honorable Ken Paxton, Tex. Att'y Gen. (Dec. 1, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

phrases are not to be considered in isolation, but rather in the context of the statute as a whole."). Subsection 46.035(i) further provides:

> Subsections (b)(4), (b)(5), (b)(6), and (c) *do not apply* if the actor was not given effective notice under Section 30.06 or 30.07.

TEX. PENAL CODE § 46.035(i) (emphases added). Sections 30.06 and 30.07 make it a criminal offense for a license holder to carry a concealed handgun and openly carry a handgun, respectively, on property of another without consent when the license holder received notice forbidding carrying a handgun on the property. *Id.* §§ 30.06(a), 30.07(a).

Those sections also establish methods for providing notice to prohibit a license holder from carrying a handgun onto the property. A "person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication." *Id.* §§ 30.06(b), 30.07(b). Section 30.06 describes how to provide notice by written communication to forbid a license holder with a concealed handgun:

> (A)   a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun"; or
>
> (B)   a sign posted on the property that:
>
> > (i)   includes the language described by Paragraph (A) in both English and Spanish;
> >
> > (ii)   appears in contrasting colors with block letters at least one inch in height; and
> >
> > (iii) is displayed in a conspicuous manner clearly visible to the public.

*Id.* § 30.06(c)(3). Section 30.07 similarly establishes how to provide a notice by "written communication" for purposes of prohibiting a license holder with an openly carried handgun. *Id.* § 30.07(c)(3). Construed together, these Penal Code provisions prohibit a license holder from carrying a handgun onto the premises of a church only when the actor received effective notice through oral or written communication. *Id.* §§ 30.06–.07, 46.035(i).

In effect, the Legislature provided churches the same option as most other private entities to decide whether to allow the carrying of handguns onto the premises of church-owned property. If a church decides to exclude the concealed or open carrying of handguns on the premises of church property, it may provide the requisite notice, thereby making it an offense for a license holder to carry a handgun on those premises. *See id.* §§ 30.06(a), 30.07(a), 46.035(b)(6).

However, churches may instead decide not to provide notice and to allow the carrying of handguns on their premises. *See id.* § 46.035(i). Unless a church provides effective oral or written notice prohibiting the carrying of handguns on its property, a license holder may carry a handgun onto the premises of church property as the law allows. *Id.*

Many churches in Texas conduct their services and activities on property leased from other private or governmental entities. Whether license holders may carry handguns on the premises of a church utilizing property of another entity may depend on the contractual arrangement between the church and the property owner or the legal limitations placed on the governmental entity owning the property. *See id.* § 30.06(e) (creating an exception to the offense of trespass by a license holder with a concealed handgun when property "is owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 or 46.035"). As an example, subsection 46.03(a)(1) of the Penal Code generally prohibits the carrying of a firearm "on the physical premises of a school or educational institution." *Id.* § 46.03(a)(1).[2] An educational institution leasing property to another could by "written regulations or written authorization" allow persons to possess a firearm on its property.[3] *Id.* § 46.03(a)(1)(A). However, an entity leasing or otherwise utilizing the property of the educational institution does not have separate authority to allow the carrying of handguns on the property. *See id.* Thus, to the extent a church operates on property other than its own, it should consult with the owner of the property to determine the extent to which it may prohibit or allow the carrying of handguns on the premises of such property.

You also ask whether the Legislature waived "the private security fee for churches that Texas charges to private institutions." Request Letter at 1. The Private Security Act (the "Act") governs the licensing and registration of, among others, private security officers and the entities that employ or contract with those officers. TEX. OCC. CODE § 1702.001 (labeling chapter 1702 as the "Private Security Act"); *id.* § 1702.004(a) ("General Scope of Regulation"). The Act defines "security officer" as an individual "(1) employed by a security services contractor or the security department of a private business; and (2) employed to perform the duties of an alarm systems response runner who responds to the first signal of entry, a security guard, security watchman, security patrolman, armored car guard, or courier guard." *Id.* § 1702.222. An individual may not accept employment as a security officer carrying a firearm unless the individual holds a security officer commission. *Id.* § 1702.161.

The Act also requires any private business that employs a commissioned security officer to first obtain a letter of authority from the Texas Private Security Board. *Id.* § 1702.181. The fee

---

[2]The general prohibition against carrying firearms on school premises would extend to open-enrollment charter schools as well. *See* TEX. EDUC. CODE § 12.103(a) ("an open-enrollment charter school is subject to federal and state laws and rules governing public schools").

[3]Due to the general prohibition of firearms on the premises of a school or educational institution under section 46.03(a)(1), license holders will likely presume that they do not have authority to carry handguns on such premises, regardless of the lack of notice prohibiting concealed or open carry. *See* TEX. PENAL CODE § 46.03(a)(1). If an educational institution provides written regulations or written authorization to allow a church to permit carrying handguns on its property pursuant to subsection 46.03(a)(1)(A), and the church desires to do so, the church should affirmatively communicate that authority to its congregants.

for obtaining an original letter of authority is $400.[4] By statute, a letter of authority "expires on the first anniversary of the date of issuance," and the fee for renewing the letter is $225. *Id.* § 1702.301(g).[5] In the past, questions arose about whether these regulations and fees applied to churches providing security.

However, during the past session, the Legislature passed Senate Bill 2065, enacting section 1702.333 of the Occupations Code.[6] That provision provides that the Act "does not apply to a person who is providing volunteer security services on the premises of a church, synagogue, or other established place of religious worship." *Id.* § 1702.333(b). The Act defines "person" to include not only an "individual," but also a "nonprofit organization, institution, or similar entity." Thus, a church and its volunteers would therefore qualify as persons for purposes of this section. *Id.* § 1702.002(16). Additionally, the statute defines "volunteer security services" as services regulated under the Private Security Act and "provided without compensation or remuneration." *Id.* § 1702.333(a). To qualify for the exemption, the person providing volunteer security services "may not wear a uniform or badge that: (1) contains the word 'security'; or (2) gives the person the appearance of being a peace officer, personal protection officer, or security officer." *Id.* § 1702.333(c). Thus, the regulations of the Act, including the fees required thereunder, do not apply to Texas churches when providing volunteer security services on their premises consistent with the requirements of section 1702.333.

---

[4]Private Security Fee Schedule, Tex. Dep't of Pub. Safety Regulatory Servs. Div., *available at* www.dps.texas.gov/rsd/psb/docs/FeeSchedule.pdf.

[5]*See id.*

[6]Act of May 28, 2017, 85th Leg., R.S., ch. 967, § 11.001, 2017 Tex. Gen. Laws 3912, 3933 (S. B. 2065).

## S U M M A R Y

Unless a church provides effective oral or written notice prohibiting the carrying of handguns on its property, a license holder may carry a handgun on church property as the law otherwise allows.

The regulations of the Private Security Act, including the fees required thereunder, do not apply to Texas churches when providing volunteer security services consistent with the requirements of section 1702.333 of the Occupations Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee